

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNDERSEA BREATHING SYSTEMS,        )
INC., a Nevada corporation,        )  CASE NO. 99-6007-CIV-DIMITROULEAS
                                   )  MAGISTRATE JUDGE SELTZER
Plaintiff/Counter-Defendant,       )
                                   )
v.                                 )
                                   )
TREBOR INDUSTRIES, INC., a         )
Florida corporation d/b/a          )
Brownies Third Lung,               )
                                   )
Defendant/Counter-Plaintiff.       )
_____)

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR ALLEGED PATENT INFRINGEMENT

COMES NOW the Defendant/Counter-Plaintiff, Trebor Industries, Inc. d/b/a Brownies Third Lung ("Brownies"), by and through the undersigned counsel, and files this Answer, Affirmative Defenses and Counterclaims to the Complaint.

In response to the numbered paragraphs of the Amended Complaint, Brownies states as follows:

### Alleged Action for Infringement of United States Patent 5,846,291

1.   Brownies is without sufficient knowledge as to the truth, falsity, or completeness of the allegations presented in paragraph 1, and therefore, they are denied.

2.   Brownies admits that it is a Florida Corporation having a principal office in the Southern District of Florida and that it does business as Brownies Third Lung.  Brownies denies all other allegations presented in paragraph 2.

NON-COMPLIANCE OF S.D. fla. L.R. 5.1A-1 5.5.1B



3.    Brownies admits that Plaintiff has filed a complaint against Brownies for alleged infringement of U.S. Patent No. 5,846,291 ("the '291 Patent").    Brownies denies that it has committed infringement of the '291 Patent and also denies any wrongdoing or that it is liable to Plaintiff.

4.    Brownies denies each and every allegation contained in Paragraph 4.

5.    Brownies admits that this court has jurisdiction over actions alleging patent infringement.    Brownies also states that no infringement has occurred.

6.    Defendant is without sufficient knowledge as to the truth, falsity, or completeness of the allegations presented in paragraph 6, and therefore, they are denied.    Brownies does state that a copy of the '291 appears to be attached to the Complaint as Exhibit 1.

7.    Brownies denies each and every allegation contained in Paragraph 7.

8.    Brownies denies each and every allegation contained in Paragraph 8.

9.    Brownies denies each and every allegation contained in Paragraph 9.

Indeed, during preliminary injunction proceedings in a related patent infringement lawsuit against the manufacturer, involving the same accused product as the instant lawsuit, it was found by the Magistrate Judge that the accused product did not infringe the '291 Patent. (Undersea Breathing Systems, Inc. v. Ron

2

Muller and Nitrox Technologies, Inc., Middle District of Florida, Case No. 98-2518-Civ-T-24A).

Brownies herein pleads the following affirmative defenses:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff cannot seek or recover the relief requested because it comes before this Court with unclean hands.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff cannot seek or recover the relief requested because of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

The '291 Patent is invalid, unenforceable and void on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in Title 35, United States Code, including in particular, §§ 101, 102, 103, 112, 115 and/or 116 of said Title, and fails to comply with such provisions, for one or more of the following reasons:

    a.    the alleged invention claimed therein was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the named inventors, or

    b.    the alleged invention claimed therein was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;  or

c.    the named inventors abandoned the invention;  or

d.    the alleged invention claimed therein was first patented or caused to be patented, or was the subject of an inventor's certificate, by the named inventors or their legal representatives or assigns in a foreign country prior to the date of the application for patent in this country on the application for patent or inventor's certificate filed more than twelve months before the filing of the application in the United States;  or

e.    the alleged invention claimed therein was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the named inventors;  or

f.    the named inventors did not invent the subject matter sought to be patented;  or

g.    before the named inventor's alleged invention thereof the alleged invention was made in this country by another who had not abandoned, suppressed, or concealed it;  or

h.    the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the claimed invention pertains;  or

i.    the specification does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact

4

terms as to enable any person skilled in the art to which
it pertains, or with which it is most nearly connected,
to make and use the same;  or

j.    the specification does not set forth the best mode
contemplated by the inventor of carrying out his
invention;  or

k.    the specification does not conclude with one or more
claims particularly pointing out and distinctly claiming
the subject matter which the application regards as his
invention.

FOURTH AFFIRMATIVE DEFENSE

The '291 Patent is invalid, void, and/or unenforceable
pursuant to 35 U.S.C. §103 in that the prior art was such that the
subject matter as a whole would have been obvious at the time that
the purported invention was made to a person having ordinary skills
in this art to which said subject matter pertains.  Additionally,
the '291 Patent is invalid pursuant to 35 U.S.C. §102 as being
anticipated as defined therein.

FIFTH AFFIRMATIVE DEFENSE

The '291 Patent is invalid, void, and/or unenforceable as the
invention which was patented was described in a printed publication
in this or a foreign country or in public or on sale in this
country more than one year prior to the date of the application for
patent in the United States.

5

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the '291 Patent is void or unenforceable by reasons of Plaintiff's and/or the named inventor's inequitable conduct violation of the duty of disclosure of 37 C.F.R. §1.56 in the presentation and prosecution, in the United States Patent and Trademark Office, of the application for such patent.

## EIGHTH AFFIRMATIVE DEFENSE

Any manufacture, use, sale or promotion by Brownies of the accused product, if any, does not infringe any one or more of the '291 Patent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has misused the '291 Patent and therefore is precluded from obtaining any relief in this action due to the misuse.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is bound by the prosecution history of the '291 Patent in regard to the legal construction of the claims, and Plaintiff is barred from seeking a broader construction of the claims in any subsequent infringement action.

## ELEVENTH AFFIRMATIVE DEFENSE

The '291 Patent is invalid, null, void, and/or unenforceable as the named inventor did not invent the subject matter patented in the '291 Patent.

WHEREFORE, Brownies demands judgment in its favor and prays for the following relief:

A.   That the Complaint be dismissed in its entirety with prejudice;

B.   That Plaintiff is not entitled to the relief prayed for in its Complaint, or to any other relief;

C.   That U.S. Patent No. 5,846,291 be held invalid, void and unenforceable against Brownies;

D.   That the '291 Patent has never been, and is not now, infringed by Brownies, or by any other person using Brownies' products, in this judicial district or anywhere in the United States;

E.   That no damages or royalties are due or owing by Brownies for any of the acts alleged by Plaintiff in its Complaint;

F.   That Brownies be awarded its costs and reasonable attorney's fees;

G.   That Plaintiff and its controlling officers be sanctioned by the Court for violations of Rule 11 of the Federal Rules of Civil Procedure; and

H.   That Defendant be awarded all other relief that this Court deems just and equitable.

## COUNTERCLAIMS

For its counterclaims, Brownies alleges that:

1.    The jurisdiction of this Court over these counterclaims is based on Title 28 §§ 1338(a), 2201 and 2202 of the United States Code and Rule 13 of the Federal Rules of Civil Procedure.  This court has pendent and ancillary jurisdiction over all state law claims.

2.    Brownies is a corporation organized and existing under the laws of the State of Florida and has a place of business in this District.

3.    Plaintiff alleges that it is a Nevada corporation with a principal place of business in this District.

COUNT ONE - DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT

4.    Brownies realleges and incorporates by reference paragraphs 1 through 3 of these Counterclaims.

5.    Plaintiff alleges that it is the owner of U.S. Patent No. 5,846,291 ("the '291 Patent") and has wrongfully brought suit against Brownies for purported infringement of the '291 Patent.

6.    Brownies has not infringed, nor is Brownies' currently infringing, the '291 Patent.

7.    The '291 Patent is invalid, null, void and unenforceable for the reasons alleged in Brownies' Affirmative Defenses and Answer, which Affirmative Defenses and Answer are incorporated by reference into these counterclaims with the same force and effect as if repeated herein in full.

8.   It is also believed that the '291 Patent was obtained by Plaintiff breaching its duty of disclosure toward or committing inequitable conduct upon the United States Patent and Trademark Office.

9.   Plaintiff is alleging infringement of the '291 Patent which Plaintiff knew at the time of filing of the suit to be invalid.

10.   Plaintiff also knew at the time of filing of the suit that Brownies had not, and was not, infringing any claim of the '291 Patent, neither literally nor under the doctrine of equivalents.

11.   An actual case or controversy exists between Plaintiff and Brownies based on Plaintiff wrongfully having filed a Complaint against Brownies for alleged patent infringement of the '291 Patent.

12.   Brownies has been injured and damaged by Plaintiff's filing of its frivolous Complaint which wrongfully asserts a patent that is invalid, void, unenforceable and/or not infringed.

13.   In view of Plaintiff's frivolous conduct and practices, Brownies has, and continues to be, seriously injured, including, but not limited to harm to Brownies' business reputation, position, and goodwill.   Plaintiff's frivolous conduct and practices will also result in continued irreparable injury to Brownies.

## COUNT TWO - UNFAIR COMPETITION

14.   Brownies realleges and incorporates by reference paragraphs 1 through 13 of these Counterclaims.

9

15. Plaintiff is unfairly competing with Brownies by wrongfully attempting to prevent Brownies from selling a product manufactured by a third party which Plaintiff knows does not infringe its asserted '291 Patent.

16. Plaintiff is unfairly competing with Brownies by wrongfully attempting to prevent Brownies from selling a product manufactured by a third party by asserting alleged infringement of its '291 Patent with respect to such product, despite Plaintiff's knowledge that the '291 Patent is invalid for one or more reasons set forth herein.

17. In view of Plaintiff's frivolous conduct and practices, Brownies has, and continues to be, seriously injured, including, but not limited to harm to Brownies' business reputation, position, and goodwill. Plaintiff's frivolous conduct and practices will also result in continued irreparable injury to Brownies.

COUNT THREE - TORTIOUS INTERFERENCE
WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

18. Brownies realleges and incorporates by reference paragraphs 1 through 17 of these Counterclaims.

19. Plaintiff became aware of advantageous business practices, customers, and/or relationships of Brownies with one or more third parties concerning the product frivously alleged by Plaintiff to infringe the '291 Patent.

20. In a deliberate, willful, wanton and malicious campaign, Plaintiff embarked on a course of conduct with the intent of destroying Brownies advantageous business relationships, such

10

conduct includes advancing a spurious claim of infringement under the '291 Patent.

21.   Plaintiff also willfully intended to destroy Brownies' business operations and advantageous business relationships concerning its product accused herein, by Plaintiff's filing of a malicious lawsuit which will generate enormous legal fees and costs for Brownies, and also direct Brownies attention from its business.

22.   Plaintiff is involved in a malicious and wanton campaign designed to impair, impede and destroy Brownies' advantageous business relationships concerning the products involved in this lawsuit.

23.   Plaintiff is also seeking to improperly monopolize the industry with respect to the products involved in this lawsuit.

24.   By virtue of the wanton and willful actions of the Plaintiff, Brownies has been damaged, and has suffered irreparable harm and will continue to be damaged and suffer irreparable harm.

25.   Plaintiff's unlawful actions constitute tortious interference of Brownies' advantageous business relationships.

WHEREFORE, Brownies prays for the following relief:

A.   That the Complaint filed herein by Plaintiff be dismissed in its entirety, with prejudice, and that Plaintiff have and recover nothing by reason thereof;

B.   That U.S. Patent No. 5,846,291 be adjudged invalid, null, void and unenforceable;

C.   That it be adjudged and decreed that Brownies has not infringed upon the '291 Patent;

11

D.   That it be adjudged and decreed that Plaintiff and/or the named inventor for the '291 Patent breached its duty of disclosure toward or committed inequitable conduct upon the Patent Office in obtaining the '291 Patent;

E.   Entry of a permanent injunction enjoining the Plaintiff, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who received actual notice thereof from initiating infringement litigation or from threatening Brownies or any of its customers, dealers, agents, servants, or employees, or any prospective or present sellers, dealers or users with infringement litigation or charging any of them either verbally or in writing with infringement of the '291 Patent.

F.   That judgment be rendered against the Plaintiff for unfair competition and tortious interference with advantageous business relationships and that Brownies be awarded compensatory and punitive damages.

G.   That this case be adjudged and decreed exceptional and that Brownies have recovered its costs and reasonable attorneys' fees incurred herein;

H.   That Damages be awarded for the assertion of a patent by Plaintiff which was known to Plaintiff to be invalid, void, unenforceable and/or not infringed by Brownies; and

12

I.   That such other and further relief and damages be granted to Brownies as justice and equity may require.

Respectfully submitted,

By:  _____
Donna E. Albert
Fla. Bar No. 464,376
DONNA E. ALBERT AND ASSOCIATES, P.A.
Intracoastal Building
3000 N.E. 30th Place, Suite 309
Fort Lauderdale, Florida 33306
Telephone: (954) 565-3600
Facsimile: (954) 565-1017

Attorney for Defendant

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT** is being deposited with the United States Postal Service in an envelope addressed to: Herbert L. Allen, Esq. and Brian R. Gilchrist Esq., Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., 1401 Citrus Center, 255 S. Orange Avenue, Post Office Box 3791, Orlando, Florida 32802, this 26th day of February, 1999.

> DONNA E. ALBERT AND ASSOCIATES, P.A.
> Intracoastal Building
> 3000 N.E. 30th Place, Suite 309
> Fort Lauderdale, Florida 33306
> Telephone: (954) 565-3600
> Facsimile: (954) 565 1017
>
> By: _____
> Donna E. Albert
> Fla. Bar No. 464,376